100 A.3d 493

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, Petitioner**

v.

**Mira Sugarman BURGHARDT, Respondent.**

Misc. Docket AG No. 15, Sept. Term, 2014.

Court of Appeals of Maryland.

Sept. 24, 2014.

## ORDER

This matter having come before the Court upon the filing of a Petition for Disciplinary or Remedial Action, with attached

**122**

certified copy of an Order of Term Suspension entered October 9, 2013 (Attachment A), whereby the Supreme Judicial Court for Suffolk County, Massachusetts ordered the suspension of Mira S. Burghardt from practicing law in the Commonwealth of Massachusetts for a period of one year and one day; and it appearing that said Mira S. Burghardt is admitted to the Bar of this Court;

NOW, THEREFORE, it is this 24th day of September, 2014,

ORDERED, by the Court of Appeals of Maryland, in accordance with Maryland Rule 16–773(d), that Mira Sugarman Burghardt, Respondent, is hereby suspended, effective immediately, from the practice of law in the State of Maryland, pending further order of this Court; and it is further

ORDERED, that the Clerk of this Court shall strike the name of Mira Sugarman Burghardt from the register of attorneys in this Court and shall certify that fact to the Trustees of the Client Protection Fund of the Bar of Maryland and the Clerks of all courts in this State in accordance with Maryland Rule 16–760(e).

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD-2013-096

IN RE: Mira S. Burghardt

## ORDER OF TERM SUSPENSION

This matter came before the Court, Gants, J., on an Information and Record of Proceedings pursuant to S.J.C. Rule 4:01, § 8(6), with the Recommendation and Vote of the Board of Bar Overseers and the stipulation of the parties filed by the Board on October 2, 2013. Upon consideration thereof, it is ORDERED that:

1. Mira S. Burghardt is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of one (1) year and one (1) day. In accordance with S.J.C. Rule 4:01, §17(3), the suspension shall be effective thirty (30) days after the date of the entry of this Order. The lawyer, after the entry of this Order, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature. During the period between the entry date of this Order and its effective date, however, the lawyer may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

**Attachment A**

**124**

It is FURTHER ORDERED that:

2.   Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

a)   file a notice of withdrawal as of the effective date of the suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b)   resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c)   provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been suspended; that she is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another

lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in her possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully

complied with the provisions of this Order and with bar
disciplinary rules. Appended to the affidavit of compliance
shall be:

a) a copy of each form of notice, the names and
addresses of the clients, wards, heirs, beneficiaries,
attorneys, courts and agencies to which notices were sent,
and all return receipts or returned mail received up to the
date of the affidavit. Supplemental affidavits shall be
filed covering subsequent return receipts and returned
mail. Such names and addresses of clients shall remain
confidential unless otherwise requested in writing by the
lawyer or ordered by the court;

b) a schedule showing the location, title and account
number of every bank account designated as an IOLTA,
client, trust or other fiduciary account and of every
account in which the lawyer holds or held as of the entry
date of this Order any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of
all client and fiduciary funds in the lawyer's possession,
custody or control as of the entry date of this Order or
thereafter;

d) such proof of the proper distribution of such
funds and the closing of such accounts as has been
requested by the bar counsel, including copies of checks

and other instruments;

e)   a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f)   the residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4.   Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a)   a copy of the affidavit of compliance required by paragraph 3 of this Order;

b)   a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c)   the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Gants, C.)

Assistant Clerk

A True Copy

Entered:   October 9, 2013

Date

Attest:

Assistant Clerk